### HARRIET STEELE *et al.*

### *v.*

### SUSANNA THATCHER, Administratrix, etc.

EVIDENCE — *of its sufficiency — to recover counsel fees in suit on injunction bond.* In a suit on an injunction bond, conditioned for the payment of all such damages as the defendants might sustain, the only claim for damages was for counsel fees in the injunction suit, and the only proof offered in support of the claim was the opinion of attorneys as to what the services rendered were worth. In the absence of any evidence as to the amount actually paid for their services, it was *held,* in addition to proof of what such services were worth, in order to entitle the plaintiffs to recover, it should at least have been shown that the solicitors were retained upon a *quantum meruit.*

17 — 56TH ILL.

APPEAL from the Superior Court of Chicago; the Hon. WILLIAM A. PORTER, Judge, presiding.

The opinion states the case.

Mr. J. W. WAUGHOP, for the appellants.

Mr. J. N. BARKER, Mr. WILLIAM HOPKINS and Mr. T. J. TULEY, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit upon an injunction bond, wherein a verdict was found and judgment rendered against the appellants for $350 in the court below.

The condition of the bond was in the following words: "Now, therefore, if the above bounden Harriet Steele shall well and truly pay all costs that may be adjudged against her on the dissolution of said injunction, together with all such damages as the said David C. Thatcher *et al.*, or either of them, may sustain, or which may be assessed and awarded by the court, by reason of the issuing of said injunction, in case the same shall be dissolved, then," etc.

The only claim for damages was for counsel fees in the injunction suit, and the only proof offered by the plaintiffs below in support of the claim, was the opinions of attorneys as to what the services rendered by the solicitors in the injunction case were worth.

The value of such services might have been one sum, and the cost of them to the defendants a much less sum. The condition of the bond was, to pay all such damages as the defendants might sustain, and they were entitled to recover only to the extent of the damages really sustained by necessary expenditure, or by liability incurred, in litigating the injunction case. One of the solicitors for the defendants in the suit in which the injunction bond was given, was himself a witness,

and all the testimony he gave upon the subject was, that he considered those services worth $500.

In addition to such proof, it should at least have been shown that the solicitors were retained upon a *quantum meruit,* in order to recover upon such evidence, under the circumstances of this case, on an injunction bond, for actual damages sustained.

We are inclined in this case to regard the evidence as insufficient to sustain the verdict.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*