CHARLES GIBSON, Respondent, *v.* AUGUST F. DONK ET AL., Appellants.

### April 1, 1879.

1. In an action for damages for a nuisance, it is error to instruct the jury to find for the plaintiff if the rental value of his property was materially injured by the thing complained of.

2. The fact that a business impairs the rental value of an adjoining residence does not necessarily make such business an actionable nuisance.

APPEAL from St. Louis Circuit Court.
*Reversed and remanded.*
F. N. JUDSON, for appellants.
CHARLES GIBSON, *pro se.*

BAKEWELL, J., delivered the opinion of the court.

This is an action for damages. The allegations of the petition are, that, plaintiff being the owner of a three-story dwelling in St. Louis, defendants established a coal-yard

immediately to the south and west of plaintiff's house, and there carried on the business of screening and unloading coal, day and night, the coal-dust and noise from which operations constitute a nuisance and render plaintiff's house untenantable. The answer is a general denial.

The testimony tended to show that the ground immediately south of the house of plaintiff, which was one of a row, had at one time been much below the grade, and that stagnant water stood in it until, some months before the nuisance complained of, the ground was filled, and tracks were laid upon it connecting it with a railroad that lay at some little distance from the house, and with the Union Depot, which was not far off. These tracks were used for the delivery of coal. About four months before the commencement of the present action, defendants erected and ever since operated an elevated railroad within a hundred and fifty feet of the three-story building of plaintiff, and still nearer to a smaller building that stood on the rear of his lot. The manner of operation was, that coal-cars were run, and the cars unloaded into wagons over screens for separating the coal from the slack. This was constantly going on. Precautions were taken by the defendants in the way of watering the ground and other appliances, but in spite of this the coal-dust flew into plaintiff's houses. The testimony was conflicting as to the degree of annoyance thus caused, some witnesses saying that the coal-dust was not worse than the other dust of the neighborhood, and others describing it as rendering the houses entirely unfit for residence purposes. There was testimony that the rental value of the houses was diminished $10 a month in consequence of the coal-yards. There was a verdict and judgment for plaintiff for $30 ; and defendants appeal.

The cause was submitted on the following instructions, asked by plaintiff : —

" 1. If the jury believe from the evidence that the establishment and operation of defendants' coal-yard materially

injured or impaired the rental value of either or both of plaintiff's houses, that the said houses had been erected for many years before defendants established their coal-yards there, the jury ought to find for the plaintiff for the amount of the loss in rents so caused by the defendants.

" 2. The fact that other coal-yards were established and operated near plaintiff's house, and may also have injured the rental value of said house, is no defence in this case as to the damage, if any, which plaintiff may have sustained by reason of the operations of defendants' coal company.

" 3. If the jury find from the evidence that the operations of the defendants' coal-yards, and appurtenances connected therewith, created an amount of noise, confusion, and coal-dust in, around, and within the plaintiff's houses, to an extent and amount which injured and impaired the rental value, the jury ought to find for plaintiff for the amount of the same."

We think that these instructions do not properly present the case to the jury. They are objectionable as ignoring the existence of a nuisance as the basis of the action, and assuming that defendants are liable for a decline in rents caused by carrying on a business in the neighborhood, whether such decline was due merely to caprice of tenants, or to the existence of something which unreasonably and sensibly interfered with the comfort and enjoyment of life and property. A coal-yard may be so carried on as not to be a nuisance, and yet may impair the rental value of adjoining property. Yet here the jury were told to find for plaintiff if the establishment and operation of the yard impaired the rental value of the adjoining house. But this is not the law. A livery-stable, in certain neighborhoods, would undoubtedly injure the rental value of adjoining houses, yet a livery-stable is not *per se* a nuisance, and may be conducted so as not to be a nuisance. *Flint* v. *Russell*, 8 Cent. L. J. 68.

Trades and manufactories must necessarily be carried on

in a large city, and this cannot be without some incon-
venience to residents of particular localities; and it is not
slight annoyances, which can give no serious inconvenience
except to whimsical persons, that are a ground for dam-
ages as constituting a nuisance, even though such annoy-
ances may unavoidably accompany the business, and may
injure the rental value of adjoining property for residence
purposes.

The question of what constitutes a nuisance is a question
of law. The jury should be plainly told what constitutes a
nuisance. In this case they were left to infer, improperly,
that a trade that injures the rental value of adjoining houses
for residence purposes is an actionable nuisance, irrespective
of the manner in which the trade is carried on, its neces-
sity, and the character of the surrounding neighborhood.

The judgment must therefore be reversed and the cause
remanded, and it is so ordered. Judge LEWIS not sitting;
Judge HAYDEN concurs.