Iliff v. School Directors.

WILLIAM J. ILIFF

v.

SCHOOL DIRECTORS.

*Nuisance—Power of Court of Equity—When Injunction Will Issue— Damages on Dissolution of Injunction—Attorney's Fees—Schools.*

1. A privy so constructed as to contaminate the water of a well, used for domestic purposes, or which is allowed to remain in such a condition that persons dwelling near it are rendered uncomfortable by the escape of noxious smells and filthy matter, is a nuisance *per se*, and if the facts are clearly shown, it may be abated by a court of equity without a preliminary determination of the facts by a jury.

2. Upon the case presented, this court holds that the evidence failed to show that complainant's well would be contaminated by the privy constructed by defendants; and that whether it would, by noxious smells, disturb complainant's family, depended entirely upon how it might be kept, and that until it should be so kept as to render it a nuisance, complainant was not entitled to an injunction on that ground.

3. The court below erred in allowing as damages, upon the dissolution of the injunction, the salary paid to a teacher during a month that the directors refused to allow the school to be kept with the privy closed.

4. The court erred in allowing as damages attorney's fees, in the absence of proof that the charges were reasonable and customary.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Woodford County; the Hon. N. E. WORTHINGTON, Judge, presiding.

Mr. WINSLOW EVANS, for appellant.

The law of this case is, I think, both quite plain and within a short compass. A privy is a nuisance *per se*, and

it is not necessary to establish its character as a nuisance by an action at law, before resorting to a court of equity to restrain its use.

Wood, in his work on Nuisance, lays down the rule as follows: "Privies are regarded as *prima facie* nuisances, and although necessary and indispensable in connection with the use of property for the ordinary purposes of habitation, yet if they are built or allowed to remain in such a condition as to annoy others in the proper enjoyment of their property, by reason either of the noisome smells that arise therefrom, or by the escape of filthy matter therefrom upon the premises of another, or so as to corrupt the water of a well or spring, they are nuisances in fact." Wood on Nuisance, 566, Sec. 572.

In the case of Wahle v. Reinbeck before the Supreme Court of this State, this exact question was passed upon. It was on a bill in equity to enjoin a threatened nuisance: The charge was that the complainant owned a house and lot in Jacksonville, which he occupied with his family as a home; that the defendant had bought an adjoining lot, and was about to erect a privy so close to the house and well of complainant that it would become injurious to the health and comfort of complainant and his family.

The court, after quoting with approval the above extract from Wood, says: "Manifestly no remedy in an action at law would be adequate in a case like the present. Upon what basis could the damages be estimated for the sickness or discomfort caused by inhaling the unwholesome vapors, drinking the impure water, and enduring the foul stenches originating from a structure of the description and relative location complained of?

"And to say that a nuisance must be suffered to be created and continued until its character shall be formally determined at law, would seem to be but little better than a mockery of justice to him whose residence is affected by it." Wahle v. Reinbach, 76 Ill. 322.

It is sufficient ground for the interposition of a court of equity if the unpleasant odors render the habitation uncomfortable.

In a case before the Court of New Jersey, Zabriskie, Chancellor, said: "Any business, however lawful, which causes annoyances that materially interfere with the ordinary comfort, physically, of human existence, is a nuisance that should be restrained; and smoke, noise and bad odors, even when not injurious to health, may render a dwelling so uncomfortable as to drive from it any one not compelled by poverty to remain.

"Unpleasant odors, from the very constitution of our natures, render us uncomfortable, and, when continued or repeated, make life uncomfortable. Whatever is offensive, physically, to the senses, and by such offensiveness makes life uncomfortable, is a nuisance." Cleveland v. Citizens Gas Light & Coke Co., 5 C. E. Green, 205; Ross v. Butler, 4 C. E. Green, 294.

It was strenuously urged in the court below by counsel for defendant that notwithstanding the Wahle-Reinbeck case, the rule was that complainant should first go into a court of law and establish the fact that the privy is a nuisance before exhibiting his bill in equity for the relief prayed herein, and in support of this contention cited the later cases of Ft. Clark Horse Ry. Co. v. Anderson, 108 Ill. 64, Thornton v. Roll et al., 118 Ill. 350, and Oswald v. Wolf, 129 Ill. 200.

This view of the law the court below adopted, and dismissed complainant's bill "without prejudice," leaving complainant to first establish the fact of the privy being a nuisance by an action at law.

In this we think the court was clearly wrong. The cases cited by the defendant do not in the least tend to overrule the case of Wahle v. Reinbeck. The case of the Ft. Clark Horse Ry. Co. v. Anderson was of a threatened trespass. The case of Thornton v. Roll et al. was a threatened excavation of land by highway commissioners. Oswald v. Wolf was a threatened obstruction of a private way. Neither of them come within the category of the cases with which the one at bar is classed, viz., a nuisance *per se*. The distinction is expressly noted in the case of Thornton v. Roll et al., 118 Ill. 350, 364, where the court says: "This allegation,

it is manifest, is not a charge of the creation of a nuisance *per se*, like the creation of a powder mill, or works emitting offensive and poisonous vapors."

In the class of cases where a threatened trespass is sought to be enjoined, or a nuisance of the character mentioned in the case of Thornton v. Roll et al. is sought to be enjoined, no doubt it is necessary to establish the fact that the threatened act, or works, or structure, is a nuisance; but in the class of cases where privies, slaughter-houses and powder magazines are concerned, the rule is otherwise, as in such cases the structures are impressed by the law with the character of a nuisance.

Messrs. W. L. ELLWOOD and G. P. GILL, for appellees.

The jurisdiction of courts of equity over the subject of nuisances is not an original jurisdiction. It does not arise from the mere fact that a nuisance exists, but results from circumstances which call the jurisdiction into exercise upon other grounds. To justify the interposition of a court of equity in case of a private nuisance, it must be a strong and mischievous case of pressing necessity; the injury must be irreparable, such as is not susceptible of pecuniary compensation, or the right must have been previously established at law. Oswald v. Wolf, 129 Ill. 200.

In this case, beginning on page 208, is a discussion by the court, with a review of the decisions and authorities, as to the jurisdiction of courts of equity over the subject of nuisances.

The same doctrine is laid down in Dunning v. Aurora, 40 Ill. 481, where it said, the injunction of nuisances is rarely allowable. To the same effect see Town of Lake View v. Letz, 44 Ill. 81; Ft. Clark Horse Railway Co. v. Anderson, 108 Ill. 64; 2 Story's Eq. Jurisprudence, Secs. 925, 925b, 925f.

The thing must be a nuisance before the court will grant preventive relief to stay irreparable damages until the question is determined by an action at law. If, however, the thing is not necessarily a nuisance, but something which may or may not be, the court will not stay the party until

the matter has been tried at law, or, in special cases, by a jury, on an issue directed out of chancery. Dunning v. City of Aurora, 40 Ill. 481–6–7; Town of Lake View v. Letz, 44 Ill. 81–84.

An act required by the public interest will not be enjoined upon the ground that it may prove a private nuisance. To justify an injunction in such a case, a very strong case must be made by the bill and sustained by the proofs. Thornton v. Roll et al., Commissioners, etc., 118 Ill. 350; Wood on Nuisance, Sec. 788.

The appellees in erecting the privy in question were doing an act required by the public, and were not acting in their private capacity.

MR. JUSTICE HARKER. This was a bill to enjoin the use of a privy constructed by appellees as school directors, on school premises, adjacent to the premises owned and occupied by appellant as a residence. The privy, consisting of a vault six feet deep lined with plank and covered with an ordinary wooden structure, is forty-seven feet from appellant's well, from which he obtains water for drinking and cooking purposes, and seventy-two feet from his dwelling. The grounds claimed for an injunction were, first, that the privy would contaminate the well and render the water unfit for use; and second, that appellant and his family would be annoyed by noxious smells arising from the privy vault. A preliminary injunction was granted by the master in chancery. After the issues were formed the cause was referred to the master to take proof and report conclusions of law and facts. Pending the taking of proofs the preliminary injunction was dissolved by the court on affidavits. The master reported adversely to the complainant and the cause was heard on exceptions to the report. The court overruled the exceptions, dismissed the bill without prejudice, and on the suggestion of damages which were filed at the time of the dissolution of the injunction awarded damages against the complainant to the amount of $125. A privy so constructed as to contaminate water of a well used for domestic

purposes or which is allowed to remain in such condition that persons dwelling near it are rendered uncomfortable by the escape of noxious smells and filthy matter, is a nuisance *per se*. In such a case a court of equity will not wait until it has been determined by a jury in a trial at law, that a nuisance in fact exists, before exercising its restraining power against the use of the concern. The injury resulting from such a nuisance affects health and the physical enjoyment of life, and requires the prompt action of a court of equity. Wood on Nuisance, 566; Wahle v. Reinbach, 76 Ill. 322; Ross v. Butter, 19 N. J. Eq. 294; Cleveland v. Citizens Gas Light Co., 20 N. J. Eq. 205. A privy, however, is indispensable in connection with the use of premises for school purposes, and before a court would be warranted in abating it by means so summary there should appear a strong and clear case of pressing necessity. Before the party seeking the injunction is entitled to the relief it must clearly appear from the proofs that injury will necessarily follow the use of the privy. In this case over fifty witnesses were examined on the subject of the contemplated use of the privy by the school children corrupting the water in appellant's well. There is great diversity of opinion expressed. We can not, for the reason that it would make this opinion too lengthy, discuss in detail, the testimony of this multitude of witnesses. A careful examination of it has satisfied us that a decree enjoining the use of the privy was not warranted upon the theory that the water in the well would be corrupted. It appears that appellant's premises and the school premises are on elevated ground; that the decided trend of the surface is from the well toward the privy and beyond, to a small ravine in which is placed a tile drain; that the surface at the well is nearly two feet higher than the surface at the privy; that the privy was sunk in a hard clay soil, and that the hard clay through which the well was sunk extended four or five feet lower than the bottom of the vault. Whether the matter contained in a privy vault will contaminate the water in a well located forty or fifty feet away depends entirely upon the formation of the surface and the constitution

of the soil in which the privy vault is sunk. If there is a trend of the surface from the privy to the well the dangers are greater than if the trend is in the other direction, because the next lower strata usually follow the surface. If the vault is sunk in a gravelly and sandy soil instead of clay the dangers are greater, because liquid matter more readily percolates the former than the latter. In view of the relative location of the well and privy, and the testimony of the witnesses most familiar with the composition of the soil into which the vault was sunk, we can not but commend the action of the Circuit Court in refusing the injunction upon the first ground urged.

Whether the privy will by reason of noxious smells render the lives of appellant's family, dwelling seventy-two feet away, uncomfortable and miserable, depends entirely upon how it is used and kept. Until it shall be used and kept in such manner as to make it a nuisance, on that ground appellant is not entitled to an injunction.

We do not think the court was warranted under the circumstances in allowing as damages against appellant the $40 paid the teacher for the month of September, when no school was taught. Doubtless to conduct the school without a privy to use upon the premises would occasion much inconvenience, but certainly not more for the month of September than October. The school was conducted in October without a privy; and we do not feel that the directors were warranted in refusing to allow it to be taught in September.

The court erred in allowing as damages, attorney fees, in the absence of proof that the charges were usual and customary. Steele v. Thatcher, 56 Ill. 257; Jevne v. Osgood, 57 Ill. 340.

The decree will be affirmed so far as related to the order dismissing the bill, and reversed so far as relates to the assessment of damages, and the cause will be remanded for the purpose of enabling appellees to make additional proofs upon the suggestion of damages.

*Affirmed in part, reversed in part and remanded.*