## Chicago, E. & L. S. R. Co. et al. v. Darke.

1. NUISANCES—*Unsightly Structures—Noises.*—As to unsightly structures it is doubtless true that an owner on one side of a street may disregard the æsthetic tastes of his neighbor on the other side, but he can not with impunity keep him awake nights by noises.

2. NUISANCES—*Noises.*—Where noise prevents in some measure the enjoyment of property it is a damage to the property.

3. NUISANCES—*Noise—Application of the Law.*—D. brought an action against a railroad company for an injury to his homestead by the noise made at an engine-house and on side-tracks, where engines were kept when not in use.   On the trial the court instructed the jury that the plaintiff could not recover any damages to said property, alleged to

C., E. & L. S. R. Co. v. Darke.

have been caused by reason of any noise, confusion or disturbance occasioned by the operation of the defendant's trains in the yards. *It was held*, that the court erred in giving the instruction.

4. PARTIES—*Joinder of Defendants.*—Where the question of a misjoinder of parties defendant is not raised in the court below, it can not be made in the Appellate Court.

**Memorandum.**—Action for a nuisance. In the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Declaration in case for a nuisance; plea, not guilty; trial by jury; verdict and judgment for the plaintiff; appeal by the defendant. Heard in this court at the March term, 1893, and affirmed. Opinion filed June 14, 1893.

The statement of facts is contained in the opinion of the court.

BRIEF OF THE CHICAGO, E. & L. S. RY. Co., ONE OF THE APPELLANTS, EDWIN WALLER, ATTORNEY.

Recovery is sought in this action under the provision of the constitution of 1870, providing that " private property shall not be taken or damaged for public use without just compensation."

It is contended that no damages can be allowed except for physical injuries done to property; citing Rigney v. The City of Chicago, 102 Ill. 64; City of Springfield v. Griffith, 21 Ill. App. 93; Chicago, M. & St. P. Ry. Co. v. Hull, 90 Ill.

APPELLEE'S BRIEF, ELA & GROVER AND S. P. DOUTHART, ATTORNEYS.

The damages that an individual may recover for injury to his property, must not necessarily be caused by acts amounting to a trespass to his real estate, but if his property be depreciated in value by his being deprived of some right or user or enjoyment, growing out of and appurtenant to his estate in the lands, as the direct consequence of the construction and use of any public improvement, his right of action is complete, and he may recover to the extent of the injury thus sustained. Chicago & W. I. R. R. Co. v. Ayres, 106 Ill. 512; City of East St. Louis v. O'Flynn, 19 Brad. 67; Chicago & E. I. R. R. Co. v. Loeb, 118 Ill. 203; Lake Erie & W. R. R. Co. v. Scott, 132 Ill. 429.

In Chicago, P. & St. L. Ry. Co. v. Nix, 137 Ill. 141, which was a condemnation case, among other questions was submitted to the jury the amount of damages to land not taken for the right of way. The court say (page 145):

"It is also insisted that the court erred in refusing to give the following instruction asked for by counsel for the railway company: 'You are instructed that in this proceeding you can not allow any damages on account of noise made by passing trains.'"

On passing upon the instruction the court say:

"The noise made by passing trains is a necessary incident to the proper operation of a railway, and in so far as such noise will have a tendency to render said farm less desirable as a place of residence, and therefore less valuable in the market, it was an element of damage which the jury might properly take into consideration. It follows that the instruction was properly refused."

OPINION OF THE COURT, GARY, P. J.

The Chicago, Evanston & Lake Superior Ry. Co. was a defendant, and is an appellant with the St. Paul. The brief here is only on two points. All others will therefore be left unnoticed. Wabash, etc., Ry. Co. v. McDougal, 113 Ill. 603; Seaton v. Ruff, 29 Ill. App. 235.

The action is for injury to the dwelling houses and lots of the appellee, by smoke, cinders, dust, soot, etc., from locomotives of appellants, and by the noises made at an engine house, and on side tracks, where locomotives are kept when not in use.

The first point made is that the court erred in refusing this instruction:

"The court further instructs you that the plaintiff can not recover in this action, any damages to her said property, alleged to have been caused by reason of any noise, confusion or disturbances occasioned by the operation of the defendants' trains in the yards, and upon the tracks of said defendants, or any of the unsightly structures on the defendants' premises in front of the plaintiff's property."

As to unsightly structures, it is doubtless true that an owner on one side of a street may disregard the æsthetic taste of his neighbor over the way, but he may not with impunity keep him awake nights by noises. Laws of Nuisances, Wood, Ch. 18.

And as the noise prevents the enjoyment of the property (in some measure) it is a damage to the property.

The other point, that there could be no joint judgment against the two roads (there being no joint operation) was not made below, either by instructions offered, or grounds assigned for a new trial. It can not be first made here.

The judgment is affirmed.