Flood v. Consumers Company.

## J. Ramsay Flood v. Consumers Company.

1. NUISANCES—*What Use of Property Creates.*—In order to create a nuisance from a use of property, the use must be such as to work a tangible injury to the person or property of another, or such as renders the enjoyment of property essentially uncomfortable. It is not enough that it diminishes the value of surrounding property. It is not enough that it renders other property unsalable, or that it prevents one from letting his premises for as large a rent as before, or to as responsible tenants. It must be such a use as produces a tangible or appreciable injury to the property, or as renders its enjoyment essentially uncomfortable or inconvenient.

2. SAME—*Erection of an Unsightly Structure is Not.*—The erection by an owner of any species of structure upon his land, however rude or cheap or unsightly, is not of itself a nuisance.

3. SAME—*Character, When in Doubt, Must be Established in an Action at Law.*—Where it is doubtful whether the structure is a nuisance or not, or where the manner of its use alone determines whether it is a nuisance or not, its character as a nuisance must first be established in an action at law.

4. SAME—*When Claim to Relief is Based upon the Use to be Made of a Building Erected upon One's Own Ground.*—When a claim to relief is based upon the use which is to be made of a building erected upon one's own ground, the court will ordinarily refuse to enjoin the construction thereof; still, if such owner proceeds, he does so at his peril, and is liable to an injunction or an action of damages if such use results in a nuisance.

5. EQUITY—*Will Not Generally Restrain the Erection of a Building upon One's Own Property.*—A court of equity will not restrain the erection of a building by an owner upon his own property, unless it is clear that the business to be carried on therein will be a nuisance and that it can not be carried on therein so as not to be a nuisance.

6. INJUNCTIONS—*When the Act or Thing Threatened is a Nuisance per se.*—Ordinarily an injunction will be granted when the act or thing threatened is a nuisance *per se*, or necessarily will be a nuisance, and will be denied when it may or may not be a nuisance according to circumstances; or when injury apprehended is doubtful or contingent.

7. EQUITY JURISDICTION—*Over the Subject of Nuisances.*—The juris-
diction of equity over the subject of nuisances is not an original juris-
diction.   This power was formerly exercised very sparingly and only in
extreme cases, at least until after the right and question of nuisance had
been first settled at law.   While in modern times the strictness of this
rule has been somewhat relaxed, there is still a substantial agreement
among the authorities that to entitle a party to equitable relief before
resorting to a court of equity his case must be clear and free from all
substantial doubt as to his right to relief.   To entitle him to come into
a court of equity in the first instance there must be a " strong and mis-
chievous case of pressing necessity."

**Bill for an Injunction.**—Appeal from the Circuit Court of Cook
County; the Hon. RICHARD W. CLIFFORD, Judge presiding.   Heard in
the Branch Appellate Court at the October term, 1901.   Affirmed.
Opinion filed January 30, 1903.

The bill was filed in this case by appellant and others to
enjoin Consumers Company from completing a building
on Sixty-second street near Madison avenue in Chicago.
The bill states that the Consumers Company is erecting
upon its land a large wooden building designed for the
storage of ice, and intends to store the same with ice and
distribute daily therefrom by loading on ice-wagons drawn
by horses, commencing the loading in the morning before
daylight.   Said building is about 100 feet square and forty
feet in height and its outside walls are to be covered with
a metal sheeting.   Said building is to be constructed with-
out windows or openings except where necessary to convey
ice to and from it; that said building is and will be unsightly
and not in harmony with the surrounding improvements,
will destroy the character of the neighborhood as a first-
class residence locality and will cause discomforts and
inconveniences to those inhabiting and frequenting the
neighborhood " which can not be known or set forth with
certainty " and will cause a depreciation of the value of
property in the neighborhood owned by complainant; that
the presence of said ice-house will cause a large number of
noisy and unsightly ice-wagons to be constantly in front of
property owned by complainants and will cause noxious
and disgusting odors from the horses to pervade the atmos-
phere of complainant's premises and that thereby said ice-

house and the maintenance thereof will constitute a nuisance; that there are costly flat buildings on appellant's land and other valuable flat buildings and residences within a distance of one block; that Jackson Park is one-quarter of a mile away; that the Illinois Central Railroad and the South Side Elevated Road have stations within two blocks of said property and surface lines within one block thereof. That said improvements were placed upon the property of appellant and the other complainants with the expectation that said locality would continue to be used as a first-class residence locality; that there are within one to five miles of said locality tracts of land suitable to the erection of ice-houses, factories, etc.

The prayer is that said structure and maintenance thereof as an ice-house be decreed to be a nuisance and that a temporary injunction be issued immediately and remain in force until a final hearing and then be made perpetual, enjoining the completion and maintenance of said building

SAMUEL B. KING and JULE F. BROWER, attorneys for appellant.

JOHN F. HOLLAND, attorney for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

The court denied the prayer for injunction in this case and dismissed the bill for want of equity.

The answer is abstracted by appellant; however, he protests that it should not be considered. His counsel state that if the bill shows no equity, it was proper to dismiss it even though an answer had been filed.

There were several complainants in this case. None have taken an appeal to this court except Mr. Flood. Appellant insists that the existence and maintenance of an ice-house, regardless of the noises and odors complained of, will depreciate the value of his property, and suggests that it is the duty of courts to protect the value of real estate investments by preventing the erection of objectionable structures in their neighborhood.

In order to create a nuisance from a use of property the use must be such as to work a tangible injury to the person or property of another, or such as renders the enjoyment of property essentially uncomfortable. It is not enough that it diminishes the value of surrounding property. It is not enough that it renders other property unsalable, or that it prevents one from letting his premises for as large a rent as before, or to as responsible tenants. It must be such a use as produces a tangible or appreciable injury to the property, or as renders its enjoyment essentially uncomfortable or inconvenient. M. & E. R. R. Co. v. Prudden, 20 N. J. Eq. 530.

In Gibson v. Donk, 7 Mo. App. 37, the plaintiff brought an action for a nuisance by the establishment of a coal yard near the premises; none of the usual concomitants of a nuisance were shown to arise from the yard, and the fact that it depreciated the rental value of the plaintiff's premises by its proximity thereto was relied on; but the court held that this was not sufficient to establish the fact of nuisance. Wood on Nuisances, Section 3 (2d edition).

A structure erected upon the owner's land is not a nuisance because it is capable of a use that will make it a nuisance. It may be, as appellant claims in this case, unsightly, and sheeted with iron. Such an unsightly structure would doubtless offend the eye and esthetic taste of the neighbors and tenants over the way; but there are many unpleasant things which must be borne in a crowded city if they do not trench upon any recognized legal right; and this is the case even though the things complained of materially lessen the value of surrounding property. The presence of elegant buildings upon a street greatly enhances the value of property upon the street for residential purposes, but this does not prevent an owner of property from making any species of erections thereon, however rude or cheap or unsightly, which are not otherwise a nuisance. C. E. & L. S. R. Co. v. Darke, 50 Ill. App. 280; Trulock v. Merte, 72 Iowa, 510.

The bill in this case states that the ice-house stands on the northeast corner of Madison avenue and Sixty-second

street, but does not state how far back from Madison avenue. We are informed by defendant's answer that there are 100 feet of vacant ground between the west line of the ice-house and Madison avenue, an ample amount of ground upon which to erect a building which would entirely conceal the ice-house from view on Madison avenue. As no inferences are to be drawn in favor of the bill we may assume that the ice-house does stand at the corner of these streets for purposes of general description, but as a matter of fact 100 feet away from Madison avenue and with its doors opening upon another street. Without expressly deciding that an unsightly structure does not in any case entitle an owner to recover damages to his property caused by the erection and maintenance of unsightly structures immediately in front of another's premises, nevertheless, under the circumstances of this case, we are of the opinion that though defendant's said structure was unsightly in its unfinished state or would continue to be unsightly in its completion, and though it would depreciate the value of defendant's property, still that the mere existence of the structure thus unsightly and having the effect to lessen appellant's property, does not constitute said structure a nuisance, and does not entitle the appellant to an injunction restraining the defendant from the completion thereof.

Our attention has not been called to a holding of any court that a building for the storing of ice, situated as the bill in this case alleges defendant's structure is located, is a nuisance *per se*. Appellant is unable to state what discomforts and inconveniences will arise to him because of the use to which the said structure may be put. He says that they can not be known nor set forth with certainty. Undoubtedly this last statement is correct, at least it would be mere speculation. Facts in this class of cases must be stated in the bill to show that the apprehension of injury is well founded. Payne v. McKinley, 54 Cal. 532.

It can not be known whether noises will come from the building in loading or unloading ice. It all depends upon how and with what care the work is done. The building is

to be closed up tight upon all sides except on the northern side, furthest removed from appellant's property. The sound of ice-wagons over the pavements will depend entirely upon the kind of pavements on the streets and the character of the wagons used. This matter may or may not be regulated by an ordinance of the city council and in any event it is altogether too conjectural in its consequences to require the extraordinary writ of the court.

It is suggested in the bill that offensive odors will come from the horses attached to the ice-wagons, being and standing near appellant's property. Again we say this objection depends entirely upon where the horses are stationed, their number and the care and attention given to them. If proper attention is given them, horses may be kept without any objectionable feature night and day upon a lot not to exceed twenty feet in width and 120 feet in depth upon which is erected a very costly private residence in one of the most exclusively residential districts in this city. Sheldon v. Weeks, 51 Ill. App. 314.

So that we are unable to say as a matter of fact that the presence of an indefinite number of horses, distant from appellant's property by perhaps 150 feet, with a cross-street intervening, would constitute, *per se*, a nuisance.

A court of equity will not restrain the erection of a building by an owner upon his property, unless it is clear that the business to be carried on therein will be a nuisance and that it can not be carried on thereon so as not to be a nuisance. Duncan v. Hayes, 22 N. J. Eq. 25; Iliff v. School Directors, 45 Ill. App. 419.

Ordinarily an injunction will be granted when the act or thing threatened is a nuisance *per se*, or necessarily will be a nuisance, and will be denied when it may or may not be a nuisance, according to circumstances, or when the injury apprehended is doubtful or contingent. Lake View v. Letz, 44 Ill. 81; Duncan v. Hayes, *supra*.

The jurisdiction of courts of equity over the subject of nuisances is not an original jurisdiction. This power was formerly exercised very sparingly, only in extreme cases, at

least until after the right and question of nuisance had been first settled at law.  While in modern times the strictness of this rule has been somewhat relaxed, there is still a substantial agreement among the authorities that to entitle a party to equitable relief before resorting to a court of equity his case must be clear and free from all substantial doubt as to his right to relief.  To entitle him to come into a court of equity in the first instance there must be a "strong and mischievous case of pressing necessity."  Oswald v. Wolf, 129 Ill. 200; Nelson v. Milligan, 151 Ill. 462; The Windfall Mfg. Co. v. Patterson, 148 Ind. 414.

Even Mr. Wood, though an advocate of a very broad and liberal interpretation of the jurisdiction of courts of equity in matters of nuisance, from whose work on the Law of Nuisances, counsel so generously quote, admits that "in order to entitle a party to equitable relief, his right must be clear and the injury established, since in doubtful cases a party will be turned over to his legal remedy."

The question of what is a nuisance is one particularly fitted for investigation by a jury.  The clearly established rule in the State of Illinois is that where it is doubtful whether the structure is a nuisance or not, or where the manner of its use alone determines whether it is a nuisance or not, that in all such cases its character as a nuisance must first be established in an action at law.  Robb v. Village of LaGrange, 158 Ill. 21, and Illinois cases, *supra.*

When claim to relief is based upon the use which is to be made of a building erected on one's own ground, the court will ordinarily refuse to enjoin the construction thereof; still it is to be observed in such cases the defendant, if he proceeds, does so at his peril, and is liable to an injunction or an action of damages if such use results in a nuisance.  Duncan v. Hayes, *supra;* Keiser v. Lovett, 85 Ind. 240; Eng. & Am. Ency. of Law (2d Ed.), "Nuisances."

After a careful examination we are of the opinion that the court in Gilbert v. Showerman, 23 Mich. 448, does not hold a doctrine contrary to the one just announced.  To sustain their contention counsel for appellant refer to

Wylie v. Elwood, 134 Ill. 281. We do not think that this case in any respect whatever is an authority for the position taken by appellant; there the case was tried by a jury. The suit was an action on the case. Evidence was heard, certain facts found therefrom, and in that case it was shown that by the use of machinery and otherwise the handling of coal constituted a nuisance in that particular neighborhood. The case at bar has not proceeded to the same extent and the allegations of the bill do not show that it will in the future proceed to that extent.

In view of the indefinite allegations of the bill and of the uncertainty as to the manner in which the defendant's building and its surroundings may be occupied and used, we are therefore of the opinion that the bill in this case does not show that the appellee has created and is maintaining a nuisance; and we are further of the opinion that a preliminary injunction ought not to have been granted on the application therefor on the face of the bill; and in view of the statement of counsel in his brief that the bill ought to have been dismissed provided the allegations therein were not sufficient to warrant the issue of a preliminary and permanent injunction, we hold that the order and decree of the court were correct, both in denying the preliminary injunction and in dismissing the bill for want of equity.

Order and decree of the Circuit Court therein are affirmed.