**James A. SWARM et al., Appellants,**

v.

**CONTINENTAL OIL COMPANY, a Corporation, Respondent.**

**No. 23067.**

Kansas City Court of Appeals.

Missouri.

Jan. 11, 1960.

Richard A. Erickson, Kansas City, Rufus Burrus, Independence, for appellants.

George H. Gangwere, Arthur M. Wright, Blackmar, Swanson, Midgley, Jones & Eager, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiffs own and reside in homes located on lots numbered 2 to 14, inclusive, Country Club Addition, Independence. Defendant owns a part of Lot 1 of that Addition. Plaintiffs seek a judgment declaring that defendant's intended use of its property as a gasoline filling service station is violative of certain recorded covenants and restrictions attaching to the subdivision, which covenants were pleaded, and for injunctive relief. Defendants' motion for judgment on the pleadings was sustained and, from a judgment for defendant, plaintiffs appealed.

Plaintiffs bottomed their claimed right to the relief sought on Paragraph (e) of the

covenants and restrictions, and set it out in *haec verba* in their petition, towit: "(e) No noxious or offensive trade or activity shall be carried on upon any lot nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood."

It is conceded by both parties that Lot 1, that portion of the subdivision with which we are here concerned, is legally usable for business purposes; and that the remainder of the subdivision is restricted to residential use. Note that maintenance of a gasoline filling station on Lot 1 is not specifically prohibited by the covenants.

The question for decision may be stated as follows: Lot 1 is legally usable for business purposes, but is the filling station business a use which is prohibited by the terms of Paragraph (e) of the covenants?

In order to answer that question in the affirmative we should be compelled to say that operation of a filling station constitutes a nuisance *per se*. This we cannot do for we have held the contrary, even if located and operated in a residential district. Greene v. Spinning, Mo.App., 48 S.W.2d 51, 58; City of Spickardsville v. Terry, Mo.App., 274 S.W.2d 21, 30–31; Harper v. Standard Oil Co., 78 Mo.App. 338, 344–345. See also Bizzell v. Board of Alderman, 192 N.C. 348, 135 S.E. 50, 49 A.L.R. at pages 760, 761, where the Harper case is discussed; and Webster's New International Dictionary, Second Edition, Page 1671, "noxious."

Defendant, in its verified answer, pleaded the covenants and attached a copy thereof to its answer. Plaintiffs had merely referred to them in their petition, stating the book and page of the records where they were filed, setting out only Paragraph "e" thereof. Plaintiffs contend that the Court erred in rendering the judgment because they say it is, in fact, a summary judgment. Defendant was, in fact, entitled to have judgment on plaintiff's petition, consequently it would serve no useful purpose to discuss the technical point urged. It would merely burden the record without clarifying any pertinent issue.

The judgment should be affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

HUNTER and BROADDUS, JJ., and SAM C. BLAIR, Special Judge, concur.